**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROBEY HAIRSTON,<br><br>            Petitioner,<br><br>        v.<br><br>JUDGE OGLESBY, et al.,<br><br>            Respondents. | Case No.: 1:16-cv-01547-JLT<br><br>ORDER REQUIRING PETITIONER TO SUBMIT AN AMENDED PETITION<br><br>THIRTY DAY DEADLINE<br><br>ORDER DIRECTING CLERK OF THE COURT TO SEND PETITIONER A FORM FOR FILING HABEAS CORPUS PETITION PURSUANT TO 28 U.S.C. § 2254 |

On August 4, 2016, Petitioner filed the instant petition in the Sacramento Division of the Eastern District of California. By order dated October 13, 2016, the petition was transferred to the Fresno Division and received in this Court.

**PROCEDURAL HISTORY**

A.   Procedural Grounds for Summary Dismissal.

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. A petition for habeas corpus should not be

dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted.  Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

      B.   Insufficient Information and Failure to State a Cognizable Habeas Claim

Rule 2 of the Rules Governing Section 2254 Cases provides that the petition:

> "…shall specify all the grounds for relief which are available to the petitioner and of which he has or by the exercise of reasonable diligence should have knowledge and shall set forth in summary form the facts supporting each of the grounds thus specified."

Rule 2(c), Rules Governing Section 2254 Cases.  Petitioner must also clearly state the relief sought in the petition. Id.  Additionally, the Advisory Committee Notes to Rule 4 explains that "[N]otice pleading is not sufficient, for the petition is expected to state facts that point to a real possibility of constitutional error."  Advisory Committee Notes to Rule 4; see Blackledge v. Allison, 431 U.S. 63, 75, n. 7 (1977).

In this case, the petition is entirely unclear.  Petitioner states he is serving either a seven year or a four-year sentence for his conviction in 2013 of assault.  (Pet. at 2.)  However, the Court cannot determine whether Petitioner seeks to challenge that conviction.

In his grounds for relief, he alleges that on September 28, 2014, he was handcuffed, assaulted, maced, and rendered unconscious by Sergeants Parker, Prat and Curliss.  He claims he was subjected to police brutality which caused him great bodily harm, oppression and mental anguish.  Such a claim is not cognizable in a federal habeas action.  Rather, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of confinement.  Preiser v. Rodriguez, 411 U.S. 475, 499 (1973).  If Petitioner seeks relief for the afore-mentioned incident, he must instead pursue a civil rights action since the Court cannot consider such a claim in a habeas action.

Petitioner next alleges he was subjected to an illegal conviction in Kern County.  He names Judge Oglesby and a number of law enforcement officers.  However, it is unclear to which conviction he is referring, whether he is challenging a conviction, and if so, how the conviction is "illegal."  He further fails to provide any background facts.

In sum, Petitioner has submitted a petition that fails to comply with the requirements of Rule 2(c).  Indeed, the Court cannot discern any claims for relief from the information provided nor what kind of relief Petitioner might be seeking.  It is Petitioner's responsibility to specify all grounds for

relief and to provide sufficient factual allegations for the Court to determine what claims Petitioner is seeking to raise and whether those claims state the kind of federal constitutional violations upon which this Court's habeas jurisdiction is predicated. Petitioner has failed to meet these minimal pleading requirements. Accordingly, Petitioner will be required to submit a First Amended Petition in which he clearly and succinctly sets forth all of his claims, together with supporting factual allegations, in order for this case to proceed.

C.  Exhaustion of Remedies.

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66.

Here, not only are the claims unknown, but Petitioner fails to state whether he has pursued any of his state remedies. Without this information, the Court simply cannot proceed. In his amended petition, Petitioner must provide the specific information regarding what claims he has raised in the California Supreme Court, when those claims were denied, and provide copies of the state high court's orders denying those claims.

D.  Failure to Name A Proper Respondent.

A petitioner seeking habeas corpus relief under 28 U.S.C. § 2254 must name the state officer having custody of him as the respondent to the petition. Rule 2 (a) of the Rules Governing § 2254 Cases; Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996); Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994). Normally, the person having custody of an incarcerated

petitioner is the warden of the prison in which the petitioner is incarcerated because the warden has "day-to-day control over" the petitioner. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992); see also, Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994).  However, the chief officer in charge of state penal institutions is also appropriate. Ortiz, 81 F.3d at 894; Stanley, 21 F.3d at 360.  Where a petitioner is on probation or parole, the proper respondent is his probation or parole officer and the official in charge of the parole or probation agency or state correctional agency. Id.

Here, Petitioner has named Judge Oglesby, CDCR, Kern County Court, and Sergeants Parker, Curliss and Prat as Respondents.   However, none of these parties is the warden or chief officer of the institution where Petitioner is confined and thus, does not have day-to-day control over Petitioner. Petitioner is presently confined at the California Correction Institution in Tehachapi, California.  The current director or warden of that facility is the person Petitioner should name as Respondent.

Petitioner's failure to name a proper respondent requires dismissal of his habeas petition for lack of jurisdiction. Stanley, 21 F.3d at 360; Olson v. California Adult Auth., 423 F.2d 1326, 1326 (9th Cir. 1970); see also, Billiteri v. United States Bd. Of Parole, 541 F.2d 938, 948 (2nd Cir. 1976). However, the Court will give Petitioner the opportunity to cure this defect by amending the petition to name a proper respondent, such as the warden of his facility.  See West v. Louisiana, 478 F.2d 1026, 1029 (5th Cir.1973), *vacated in part on other grounds*, 510 F.2d 363 (5th Cir.1975) (en banc) (allowing petitioner to amend petition to name proper respondent); Ashley v. State of Washington, 394 F.2d 125 (9th Cir. 1968) (same).  In any amended petition, Petitioner must name a proper respondent.

**ORDER**

For all of the foregoing reasons, the instant petition in deficient.  Petitioner will be required to file an amended petition containing sufficient information for the Court to proceed with the case. Accordingly, the Court **ORDERS**:

1. The instant petition for writ of habeas corpus is **DISMISSED**;
2. Petitioner is **GRANTED** thirty days from the date of service of this order to file a first amended petition that complies with this order; and

3. The Clerk of the Court is DIRECTED to send Petitioner a blank form petition for petitioners filing pursuant to 28 U.S.C. § 2254.

**<u>Petitioner is forewarned that his failure to comply with this Order may result in an Order of Dismissal or a Recommendation that the petition be dismissed pursuant to Local Rule 110.</u>**

IT IS SO ORDERED.

Dated:   **December 2, 2016**                           **/s/ Jennifer L. Thurston**
                                                              UNITED STATES MAGISTRATE JUDGE