UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBEY HAIRSTON,<br><br>   Petitioner,<br><br>  v.<br><br>JUDGE OGLESBY, et al.,<br><br>   Respondents. | Case No.: 1:16-cv-01547-LJO-JLT (HC)<br><br>FINDINGS AND RECOMMENDATION TO DISMISS PETITION<br><br>[TWENTY-ONE DAY DEADLINE] |

  On December 5, 2016, the Court conducted a preliminary review of the petition. The Court determined that Petitioner had failed to state a claim, failed to demonstrate exhaustion of state remedies, and failed to name a proper respondent. The petition was dismissed and Petitioner was directed to file an amended petition within thirty days. Over thirty days have passed and Petitioner has failed to comply. Therefore, the Court will recommend the action be **DISMISSED**.

**DISCUSSION**

  Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions…within the inherent power of the Court." District Courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate…dismissal of a case. Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A

court may dismiss an action with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.  See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-1261 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-1441 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address).

In determining whether to dismiss an action for lack of prosecution, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the Respondents; (4) the public policy favoring disposition of cases on their merits; and, (5) the availability of less drastic alternatives.  Ghazali, 46 F.3d at 53; Ferdik, 963 F.2d at 1260-1261.

Here, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal, as this case has been pending since August 4, 2016.  The third factor, risk of prejudice to Respondent, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.  Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein.   Finally, a court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement.  Ferdik, 963 F.2d at 1262.  The Court's order dated December 5, 2016, expressly stated: "**Petitioner is forewarned that his failure to comply with this Order may result in an Order of Dismissal or a Recommendation that the petition be dismissed pursuant to Local Rule 110**."  (Doc. 11, p. 5) (emphasis in original).  Thus, Petitioner had adequate warning that dismissal would result from his noncompliance with the Court's order.

## RECOMMENDATION

For the foregoing reasons, the Court RECOMMENDS that the instant petition for writ of habeas corpus (Doc. 1), be DISMISSED for failure to obey the Court's orders and failure to prosecute.

1  This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.

Within twenty-one days after being served with a copy, Petitioner may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **January 17, 2017**          **/s/ Jennifer L. Thurston**
                                   UNITED STATES MAGISTRATE JUDGE